# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**RAYMOND GUIDRY**            **CASE NO. 6:22-CV-00257 SEC P**

**VERSUS**            **JUDGE ROBERT R. SUMMERHAYS**

**TIMOTHY HOOPER**            **MAGISTRATE JUDGE HANNA**

## REPORT AND RECOMMENDATION

Pro se petitioner Raymond Guidry, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 27, 2022. Rec. Doc. 1. An amended petition, on the proper form, was filed on February 22, 2022. Rec. Doc. 5. Petitioner attacks his 1982 conviction for aggravated rape and the life sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court and is now ripe for review. For the reasons stated below, **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely.

### I.     Background

Defendant, Raymond Guidry, was indicted by a Lafayette Parish Grand Jury for the crime of aggravated rape in violation of LSA-R.S. 14:42. He was tried before a jury of twelve persons and found guilty as charged. The trial judge sentenced him to life imprisonment.

Defendant filed a direct appeal, raising two assignments of error: (1) The evidence presented at trial was insufficient for a conviction of aggravated rape, and; (2) The trial court erred in permitting leading questions to be asked by the State of its witnesses. *State v. Guidry*, 461 So. 2d 489 (La. App. 3 Cir. 12/12/84). The Third Circuit affirmed the conviction. *Id*. The Louisiana Supreme Court subsequently denied Guidry's appeal. *State v. Guidry*, 481 So. 2d 1329 (La. 1986). In 2005, Guidry filed his first Application for Post-Conviction Relief, which was ultimately denied by the Louisiana Supreme Court on April 24, 2006. *See* doc. 5, p. 4; *see also State ex rel. Guidry v. State*, 2005-2059 (La. 04/24/06), 926 So. 2d 535.

On or about May 10, 2020, petitioner filed a second Application for Post-Conviction Relief. Doc. 5-2, pp. 41-61. Following the trial court's denial of his application as untimely, Guidry filed an application for writ of review in the Louisiana Third Circuit Court of Appeal on or about June 30, 2020, which was denied on August 23, 2021, as untimely. *Id*. at p. 62. Guidry sought writs in the Louisiana Supreme Court, which denied same on January 12, 2022. *Id*. at p. 1.

On January 27, 2022, the instant petition for writ of habeas corpus was filed.

## II. Law & Application

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Limitations*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

On January 31, 1986, the Louisiana Supreme Court denied petitioner's writ application on direct appeal. Accordingly, the petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or on May 1, 1986, when the time limits for seeking further direct review by filing a petition for certiorari in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari.") Thus, petitioner had one year, or until May 1, 1987, to file his habeas corpus petition.

However, section 2244(d)(2) tolls the limitation provision for filing a section 2254 petition during the pendency of certain state court proceedings:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Guidry was unable to toll the AEDPA's limitations period. By the time he filed his first application for post-conviction relief, in 2005, the limitations period had already expired and could not thereafter be revived. *See Villegas*, 184 F.3d 467. Thus, none of petitioner's post-conviction pleadings could serve to toll the running of the limitations period. This petition is clearly time-barred by the provisions of the AEDPA.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Guidry does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he asserted that he was

prevented in some extraordinary way from asserting his rights. Accordingly, Guidry cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

### III. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 24th day of May, 2022.

_____
**Patrick J. Hanna**
**United States Magistrate Judge**